UNITED STATES

v.

John E. McENEARNEY, Jr., 231 70 5210, Seaman Apprentice (E-2), U. S. Navy.

NCM 75 2565.

U. S. Navy Court of Military Review.

28 June 1976.

CAPT Paul H. Duvall, USMCR, Appellate Defense Counsel; CAPT Ronald J. Waicukauski, USMCR, Appellate Government Counsel.

Before CEDARBURG, MURRAY and GLASGOW, JJ.

CEDARBURG, Chief Judge:

This appellant was tried by special court-martial on various dates in March, April and May of 1974. He was convicted, contrary to his pleas, of two specifications of unauthorized absence, totaling about nine days which occurred in January 1974, alleged as violations of Article 86, UCMJ, 10 U.S.C. § 886 and of missing movement of the USS DONALD B. BEARY on 4 January 1974 through design, in violation of Article 87, UCMJ. The court-martial comprised of officer and enlisted members sentenced appellant to a bad conduct discharge. The Commandant, Fifth Naval District was requested by the original convening authority, in accordance with paragraph 84c, MCM, 1969 (Rev.), to take initial action because of the convening authority's testimonial involvement with the trial. The sentence was approved on 9 September 1975 and forwarded by the Commandant, Fifth Naval District for review by this Court.

A motion to dismiss all charges and specifications on grounds that the court lacked jurisdiction which was renewed on appeal here, dictates our disposition of this case and obviates the need to discuss the other errors assigned.

■ We hold that the Head, Military Personnel Department, U. S. Naval Station, Norfolk, Virginia, who convened the court-martial which tried appellant, was disqualified to do so. He was subordinate to the Commanding Officer, U. S. Naval Station, Norfolk, who was " . . . so closely connected to the offense[s] that a reasonable person would conclude that he had a personal interest in the matter." *United States v. Gordon,* 1 U.S.C.M.A. 255, 261, 2 C.M.R. 161, 167 (1952). "[U]nder the particular facts and circumstances . . . a reasonable person would impute to him [the commanding officer] a personal feeling or interest in the outcome of the litigation." *Brookins et al. v. Cullins,* 23 U.S.C.M.A. 216, 49 C.M.R. 5 (1974) quoting from *United States v. Gordon, supra.* It has been recognized from the inception of the Uniform Code of Military Justice that its codal provisions prohibit a subordinate to one who has a personal interest in the prosecution of an accused from convening a court-martial for the trial of those charges. *United States v. LaGrange,* 1 U.S.C.M.A. 342, 3 C.M.R. 76 (1952).

■ Appellant's case was referred to a special court-martial convened by the Head, Military Personnel Department, U. S. Naval Station, Norfolk. The court-martial was convened on 31 January 1974 and thereafter amended by a number of modifications. Referral to that court-martial of the original charges which included, among others, a charge of larceny of a government cold weather jacket and a charge of desertion, was effected on 1 February 1974. The desertion and larceny charges, which are relevant to the issue of the convening authority's disqualification, were later withdrawn prior to trial on the merits. However, the point in time to be used in determining the disqualifying status of a convening authority to appoint a court-martial is the time when the court-martial was convened. *United States v. Gordon, supra.* Thus a subsequent withdrawal of charges providing a basis of disqualification would not act to retroactively confer jurisdiction where the original appointment was unauthorized.

Appellant, under the aegis of an aggressive activist group whose objectives included radical alteration of the basic structure of our country's military organizations,

sought and achieved notoriety. His actions, forming the basis for the charges in this case which were bottomed on unauthorized absence, and the events following, were calculated to exploit appellant's notoriety in the communications media to advance the objectives of the sponsoring organization. The circumstances were contrived by appellant and those who counseled him, and deliberately manipulated. We do not impute impropriety to the Commanding Officer, Naval Station, Norfolk in his actions, responding to the calculated provocations revealed by the record in this case. His fault lies in a failure, where his involvement engendered personal feelings and personal interest in the results of the prosecution, to "remember that there are easy and adequate means to have a court appointed by one entirely divorced from the offense and if there is any doubt about the propriety of the selection it should be resolved in favor of the accused." *Brookins et al. v. Cullins, supra* at 218, 49 C.M.R. at 7, quoting *United States v. Gordon, supra,* at 261, 2 C.M.R. at 167.

■ The test by which disqualification is determined is not the actual animus of the convening authority, *United States v. Gordon, supra* at 261, 2 C.M.R. at 167, although it may have here existed. In this case it is whether a "reasonable person" would conclude that the Commanding Officer, U. S. Naval Station, Norfolk "had a personal feeling or interest in the outcome of the litigation." Under the facts and circumstances brought out on trial below, we are satisfied that he did.

We have considered certain specific incidents forming bases for the contention of disqualification. In context, based on the total evidence of disqualification a disqualifying personal interest in the outcome of the litigation is established.

■ Noteworthy in our determination are the circumstances surrounding the preferral of the larceny charge. We are persuaded that its preferral resulted from the direct intervention of the commanding officer, who personally observed appellant wearing a USS Denebola foul weather jacket, a fact which he reported to his station judge advocate. In response, the station judge advocate conducted an investigation, reported to the commanding officer that there was evidence to support a larceny charge and caused the larceny charge to be preferred. Any doubt about the propriety of the selection of a convening authority entirely divorced from the offense should be resolved in favor of the accused. On the basis of the entire evidence and in resolving any doubt in favor of the appellant in determining the propriety of the selection of a convening authority, we must conclude that the commanding officer personally originated the charge and caused it to be preferred nominally by another. Paragraph 5, MCM, 1969 (Rev.).

Other evidence of the commanding officer's personal interest in the outcome of appellant's case is manifested in the manner in which the desertion charge, later withdrawn, was preferred. The station legal officer testified that he discussed appellant's case with the commanding officer on several occasions. Though somewhat equivocal and imprecise, the impression derived by him from these discussions was that the commanding officer "may" have been "out to get" appellant. A discussion of the disposition of appellant's case was initiated by the commanding officer on the first of these occasions. At that time the only charges with available evidence, according to the station legal officer, were "maybe a UA, maybe a breaking restriction or missing movement." The commanding officer thereupon brought to his attention, newspaper accounts of statements allegedly made by appellant concerning his intent to miss movement or not go on the Mediterranean deployment of his ship. The articles subsequently were furnished to the station legal officer apparently at the behest of the commanding officer. Standing alone, a superior bringing material evidence to the attention of a subordinate engaged in drafting appropriate charges would not equate to anything beyond an official interest. Coupled with other factors which are present in this case, however, it is evidence of an

involvement engendered by personal feelings and personal interest in the results of prosecution which would render him, and thereby his subordinate, disqualified, under the *Gordon* test, to convene a court-martial. *Brookins et. al. v. Cullins, supra* at 218, 49 C.M.R. at 7.

Accordingly, the findings and sentence as approved on review below are set aside. In view of the passage of time since the charges arose, the charges are dismissed.

Judge MURRAY and Judge GLASGOW concur.